UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR E. CURRY,

        Petitioner,

v.                            CASE NO. 07-CV-12845
                              HONORABLE GEORGE CARAM STEEH

RAYMOND BOOKER,

        Respondent.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

Arthur E. Curry ("Petitioner"), a Michigan prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1994 state court convictions for unarmed robbery, two counts of kidnaping, felonious assault, and two counts of possession of a firearm during the commission of a felony. Petitioner was sentenced to eight to 15 years imprisonment on the unarmed robbery conviction, concurrent terms of 13 to 30 years imprisonment on the kidnaping convictions, two to four years imprisonment on the felonious assault conviction, and a consecutive term of two years imprisonment on the felony firearm convictions. Petitioner has filed a prior petition in federal court challenging the same convictions. For the following reasons, the Court concludes that it must transfer this case to the United States Court of Appeals for the Sixth Circuit.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq*, amended 28 U.S.C. §§ 2244, 2253, and 2254, which govern habeas corpus proceedings in federal courts. Pursuant to those amendments, an individual seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order

1

directing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). This requirement transfers to the court of appeals a screening function which the district court previously performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Petitioner has filed a prior habeas petition challenging the same convictions at issue in the instant petition, which was denied on the merits. *See Curry v. Abramajtys*, No. 1:97-CV-1049 (W.D. Mich. June 29, 1999) (adopting 2/4/1999 Report and Recommendation). Petitioner has not obtained appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A).

Accordingly,

The Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631[1] and *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

Dated: July 16, 2007

           S/George Caram Steeh
           GEORGE CARAM STEEH
           UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1631 provides in pertinent part that:

Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

**CERTIFICATE OF SERVICE**

Copies of this Order were served upon attorneys of record on July 16, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

Case 2:07-cv-12845-GCS-MKM   Document 2   Filed 07/16/2007   Page 3 of 3